[Cite as *Harleman v. Harleman*, 2012-Ohio-205.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| MICHELLE HARLEMAN | : | |
| | : | Appellate Case Nos. 24704 |
| Plaintiff-Appellant/Cross-Appellee | : | 24722 |
| | : | |
| v. | : | |
| | : | Trial Court Case No. 06-DR-1225 |
| KEVIN HARLEMAN | : | |
| | : | (Civil Appeal from Montgomery County |
| Defendant-Appellee/Cross-Appellant | : | Domestic Relations Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of January, 2012.

. . . . . . . . . . .

DOUGLAS B. GREGG, Atty.Reg. #0014660, Cohen & Gregg, 7929 Washington Woods Drive, Centerville, Ohio 45459
    Attorney for Plaintiff-Appellant/Cross-Appellee

THOMAS J. INTILI, Atty. Reg. #0036843, Thomas J. Intili Co., L.P.A., 40 North Main Street, 1500 Kettering Tower, Dayton, Ohio 45423-1001
    Attorney for Defendant-Appellee/Cross-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Plaintiff-appellant Michelle Harleman (nka Baxter) appeals from an order of the

Montgomery County Common Pleas Court, Domestic Relations Division, denying her motion for contempt filed against her ex-husband, defendant-appellee Kevin Harleman. Harleman cross-appeals from the trial court's order denying his motion to strike Baxter's supplemental objections to the magistrate's decision, which the trial court adopted as its order. Both contend that the trial court abused its discretion.

{¶ 2} We conclude that there is evidence in the record to support the trial court's decision to deny Baxter's motion to hold Harleman in contempt, and that the trial court's order to that effect is not an abuse of discretion. We further conclude that the trial court correctly determined that the defect in the service of Baxter's supplemental objections, which was the basis for Harleman's motion to strike the objections, had been cured. Therefore, we affirm both the orders from which these appeals are taken.

## I. Dad Wants His Son in Tee Ball; Mom, the Residential Parent, Does Not; Both Parents Go to Court.

{¶ 3} Baxter and Harleman were married in May 2003, and divorced in June 2008. They have two minor children as a result of their union. Baxter was granted sole custody of the children, and Harleman was given visitation and parenting time in accordance with the Montgomery County Standard Order of Visitation.

{¶ 4} On the last day of April 2010, Harleman registered the parties' minor son for a "tee-ball league" at the YMCA in Kettering. Baxter objected to this activity, and spoke with officials at the YMCA. The YMCA employees asked Baxter whether the child could remain in the program if he only attended on the dates that Harleman had the child for visitation.

Baxter refused, and the child was removed from the program. In early June, counsel for Harleman sent a letter to Baxter's counsel stating that Baxter had "violated Sections 8 and 17 of the Standard Order of Parenting Time by interfering with Kevin Harleman's registration of [the child] for summer tee ball." The letter went on to indicate that the Springboro YMCA had a tee-ball program starting in June and if Baxter would not agree to permit the child to participate, Harleman would seek a court hearing on the matter. Harleman then registered the child for the Springboro program and informed Baxter via e-mail of the registration. Baxter sent a reply via e-mail that Harleman was "not to sign the children up for extra-curriculars," and another e-mail indicating that the Springboro YMCA had "credited" Harleman's credit card; in other words, she had removed the child from the program.

{¶ 5} Five days later, Harleman filed a motion seeking to hold Baxter in contempt for preventing him from registering the parties' minor son in a summer sports program. Harleman claimed that this constituted a violation of Section 17 of the Montgomery County "Standard Order of Parenting Time." Baxter then moved for an order holding Harleman in contempt for attempting the registration against her wishes. She contended that Harleman's actions were in derogation of her rights as the custodial parent.

{¶ 6} Following a hearing, a magistrate entered a decision denying both motions for contempt. The decision specified that "[the child] shall be able to participate in the sport of baseball until he graduates from high school. The father shall pay all costs associated with his participation."

{¶ 7} Baxter timely filed objections to the magistrate's decision and reserved the right to file supplemental objections upon the receipt of a hearing transcript. Baxter's

supplemental objections were stamped as filed on January 14, 2011. However, the certification of service signed by Baxter's attorney was left with a blank where counsel failed to fill in the date of service.[1] Harleman moved to strike the supplemental objections upon the ground that Baxter had not complied with the service requirements in Civ.R. 11 and Civ.R. 5(D). Baxter filed a memorandum in opposition to the motion to strike in which counsel stated that he had inadvertently left empty the blank space provided for him to fill in the day of the month. An affidavit was attached to the memorandum in which counsel's secretary averred that she had mailed a copy of the supplemental objections to Harleman's attorney on January 17, 2011. A copy of a letter to Harleman's counsel from Baxter's counsel, informing him of the filing was also attached to the affidavit.

{¶ 8} The trial court found that "any defect on proof of service [of the supplemental objections] was cured prior to [Harleman's] motion to strike." Thus, the trial court overruled the motion to strike. The trial court also adopted the decision of the magistrate to overrule both parties' motions for contempt. The trial court appears to have partially sustained Baxter's objections by finding that the magistrate's order permitting the minor child to play baseball until he graduates "may over-reach the Court's authority." However, the trial court also overruled the objections in part by including the following language:

> 3. The parties shall cooperate and consult with each other to determine age appropriate extracurricular activities that minimize impact to the scheduled parenting time and that are in the best interest of the children. The parent who wants the child to participate shall pay all costs associated with the same.

> 4. The parties may request the assistance of the Court's Mediation

---

[1] The certification of service provided, "[t]his is to certify that a copy of the foregoing Entry was served upon Thomas J. Intili, attorney for Defendant, 40 N. Main, Ste. 1500, Dayton, Ohio 45423, by regular U.S. Mail, this _____ day of January, 2011."

Department to resolve conflicts.

Baxter appeals, contending that the decision "divested [her] of some of her rights to the ultimate legal and physical control of her child when no one had moved for a change, or modification, of custody." Harleman cross-appeals from the trial court's failure to strike Baxter's objections to the decision of the magistrate.

**II. Because Section 17 of the Standard Order of Visitation, Incorporated in the Divorce Decree, Appears to Give Harleman the Right to Enroll his Child in Tee Ball During the Times that He Has Visitation, the Trial Court Did Not Abuse Its Discretion by Failing to Hold Him in Contempt for Having Done So.**

{¶ 9} Baxter's sole assignment of error provides as follows:

{¶ 10} "THE TRIAL COURT ERRED WHEN IT FAILED TO FIND APPELLEE IN CONTEMPT FOR VIOLATING THE TRIAL COURT'S ORDER GRANTING SOLE LEGAL CUSTODY TO MS. HARLEMAN."

{¶ 11} Baxter contends that the trial court should have granted her motion to hold Harleman in contempt. She argues that by enrolling the parties' child in a sport activity, Harleman essentially violated the judgment awarding sole custody of the child to her, by acting in derogation of her rights as the legal custodian.

{¶ 12} We disagree. "A prima facie case of civil contempt is made when the moving party proves both the existence of a court order and the nonmoving party's noncompliance with the terms of that order." *Wolf v. Wolf*, 1st Dist. Hamilton No. C-090587, 2010-Ohio-2762, ¶ 4. "Clear and convincing evidence is the standard of proof in civil

contempt proceedings." *Flowers v. Flowers*, 10th Dist. Franklin No. 10AP-1176, 2011-Ohio-5972, ¶ 13. We review the trial court's decision whether to find a party in contempt under an abuse-of-discretion standard. *Wolf* at ¶4.

{¶ 13} Baxter's motion to hold Harleman in contempt was predicated upon Baxter's belief that, as custodial parent, she had the exclusive right to decide the extracurricular activities in which the children could participate. From our review of this record, we conclude that Baxter did not have the exclusive right to determine her children's extracurricular acitivities. Section 17 of the Montgomery County Standard Order of Parenting Time provides as follows:

> EXTRACURRICULAR ACTIVITIES: Regardless of where the children are living, their continued participation in extracurricular activities, school related or otherwise, should not be interrupted. It shall be the responsibility of the parent with whom the children are residing at the time to discuss the scheduling of such activities with the children and to provide transportation to the activities. Each parent shall provide the other parent with notice of all extracurricular activities, complete with schedules and the name, address and telephone number of the activity leader, if available.

{¶ 14} With this provision incorporated in a divorce decree, the Montgomery County Court of Common Pleas, Domestic Relations Division, affords both parents the right to enroll children in extracurricular activities, preferably in consultation with one another. The record supports a finding that Harleman could have enrolled the child in tee-ball solely for the times that the child would be in Harleman's care. See, Defendant's Exhibit A, attached to the transcript of the September 22, 2010 hearing before the magistrate. We have upheld a non-custodial parent's right to take a child to a different church than the church attended by the custodial parent during the time that the non-custodial parent is exercising visitation-parenting time. *Holder v. Holder*, 171 Ohio App.3d 728, 2007-Ohio-2354, 872

N.E.2d 1239. If a custodial parent's concern for the spiritual well-being of her child does not give her a veto power over the non-custodial parent's right to take the child to a different church than the one preferred by the custodial parent, then we see no reason why a custodial parent's concern for her child's physical well-being should give her a veto power over the non-custodial parent's right to take the child to a different physical activity than the physical activities preferred by the custodial parent.

{¶ 15} In any event, we conclude that the issue raised in this matter involves a question of visitation and parenting time rights – not, as Baxter contends, custodial rights. The appropriate vehicle for challenging a visitation issue would be to file a motion for modification of visitation and parenting time or a motion seeking the trial court's guidance on the proper construction of Section 17 of the Standard Order. If and when that should place the issue before the court, the trial court may wish to consider the factors set forth in R.C. 3109.04(F)(1).

{¶ 16} It appears from the record that Harleman was acting in accordance with Section 17 of the Standard Order; therefore we cannot say that the trial court abused its discretion in denying Baxter's motion for contempt based upon a violation of custody rights.

{¶ 17} Baxter's sole assignment of error is overruled.


**III. Because the Defect in the Proof of Service of Baxter's Supplemental Objections Was Cured Before Harleman Moved to Strike Those Objections, the Trial Court Did Not Abuse its Discretion in Overruling the Motion to Strike.**

{¶ 18} Harleman's sole assignment of error on cross-appeal states:

{¶ 19} "THE TRIAL COURT ERRED BY FAILING TO STRIKE PLAINTIFF-APPELLANT/CROSS-APPELLEE'S SUPPLEMENTAL OBJECTIONS TO THE MAGISTRATE'S DECISION AND PERMANENT ORDER."

{¶ 20} Harleman contends that the trial court should have dismissed Baxter's supplemental objections to the magistrate's decision. He argues that Baxter's counsel failed to include the date on the proof of service on the document, as required by Civ.R. 5(D). Thus, he claims that the trial court, pursuant to Civ.R. 5(D), was not permitted to consider Baxter's objections.

{¶ 21} Civ.R. 5(D) provides, in part, that "[p]apers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed. The proof of service shall state the date and manner of service and shall be signed in accordance with Civ.R. 11."

{¶ 22} The two applicable Staff Notes to Civ.R. 5(D) and this issue of proof of service, provide as follows:

"STAFF NOTE: 1970

"RULE 5(D) FILING.

"The filing of the subsequent pleading, written motion, or other important paper under Rule 5(D), although obviously very important for record purposes, is a secondary act. Rule 5(D) requires that the particular paper be filed within three days of the service of the paper. The rule also requires that the attorney filing the paper give proof of service of the paper. Proof of service might be a written endorsement (at the bottom of the paper), by the attorney who files the particular paper, of the date and method of service of the copy of the paper. Ordinarily, inasmuch as service of the copy of the paper is complete upon delivery or posting in the mail, the burden is on the opposite party to show that he did not receive a copy of the paper. *In the event, however, that proof of service is absent from the paper filed, the court will not consider the paper filed.* The requirement of endorsement of proof of service is based on Franklin County Court of Common Pleas Rule V, paragraph three.

"STAFF NOTE: 7-1-71 AMENDMENT

"RULE 5(D) FILING.

"Rule 5(D) governs the filing with the court of pleadings and papers subsequent to the filing of the original complaint. Prior to the amendment the rule had provided that a paper or pleading subsequent to the complaint which had been filed with the court would not be considered "unless" proof of service had been endorsed thereon. The amendment of the rule now provides that 'Papers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed.' Prior to the amendment an attorney who, for example, filed an answer with the court but failed to endorse proof of service thereon might technically have been considered to be in default of answer because his answer would not be considered 'unless' proof of service had been endorsed thereon. To avoid such possible technical interpretation, the word 'unless' has been changed to 'until' so that an attorney who fails to endorse service thereon will have an opportunity subsequently to endorse proof of service on the paper or separately file the necessary proof of service in order to correct his clerical error." (Emphasis added.)

*Nosal v. Szabo*, 8th Dist. Cuyahoga No. 83974, 83975, 2004-Ohio-4076, ¶ 14-20.

{¶ 23} Harleman is correct that a trial court commits reversible if it considers a pleading that fails to state the date on which the motion was served. *Stuber v. Parker*, 8th Dist. Cuyahoga No. 77495, 2000 WL 1643594 (Nov. 2, 2000), *3. But in this case the trial court found that the defect in service was cured before Harleman moved to strike the document. We agree. Baxter's counsel submitted evidence upon which the trial court could reasonably rely in finding that the objections had been served upon counsel. Furthermore, Harleman's counsel did not dispute the evidence submitted regarding service, and did not allege that service was not effected or that he was unaware of the filing of the supplemental objections. Therefore, we conclude that the trial court did not abuse its discretion in denying the motion to strike Baxter's supplemental objections.

{¶ 24} Harleman's sole assignment of error is overruled.

## V.  Conclusion.

{¶ 25} Both Harleman's and Baxter's assignments of error having been overruled, the orders of the trial court from which these appeals are taken are Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and HALL, J., concur.

Copies mailed to:

Douglas B. Gregg
Thomas J. Intili
Hon. Denise L. Cross